UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GENERAL MOTORS, LLC,

                        Plaintiff,                  **DECISION**

v.                      **and**
                                                                                                               **ORDER**

LEWIS BROS., LLC
SAMUEL LEWIS,                                                    10-CV-725S(F)
TIMOTHY LEWIS,

                        Defendants.

APPEARANCES:          STEPHENS & STEPHENS
                                Attorneys for Plaintiff
                                R. HUGH STEPHENS, of Counsel
                                410 Main Street
                                Buffalo, New York   14202

                                RICHARD J. LIPPES & ASSOCIATES
                                Attorneys for Defendants
                                RICHARD J. LIPPES, of Counsel[1]
                                1109 Delaware Avenue
                                Buffalo, New York   14209

                                LEWIS BROS., L.L.C.
                                466 Southlake Boulevard
                                Richmond, Virginia   23236

                                SAMUEL LEWIS, *pro se*
                                466 Southlake Boulevard
                                Richmond, Virginia   23236

                                TIMOTHY LEWIS, *pro se*
                                1316 Arbor Ridge Lane
                                Richmond, Virginia   23223

## JURISDICTION

By order filed December 14, 2010 (Doc. No. 11) this case was referred to the undersigned for all non-dispositive pretrial matters. Presently before the court is

---

[1] Mr. Lippes appeared for all Defendants on May 31, 2012 (Doc. No. 80). Upon his motion (Doc. No. 107), he was permitted to withdraw on May 23, 2013 (Doc. No. 120).

Plaintiff's motion to compel and for sanctions filed March 18, 2013 (Doc. No. 98).

**BACKGROUND**

On January 20, 2012, Plaintiff moved to compel discovery ("Plaintiff's Second Motion to Compel"). Specifically, Plaintiff's Second Motion to Compel requested Samuel Lewis ("Samuel Lewis"), Timothy Lewis ("Timothy Lewis") and Lewis Bros., L.L.C. ("Lewis Bros." or "Defendants") appear for oral depositions, provide full and complete responses to Plaintiff's discovery demands, supplement and revise as necessary any prior responses to Plaintiff's discovery demands; and make available for deposition any witness under the control of Lewis Bros. who is reasonably anticipated to testify at any hearing before the District Judge on Plaintiff's pending motion for a preliminary injunction. By Decision and Order filed July 31, 2012 (Doc. No. 95) ("the July 31, 2012 D&O"), Plaintiff's Second Motion to Compel was granted and Defendants were directed to fully comply within 20 days.

By papers filed March 18, 2013 (Doc. No. 98), Plaintiff again moved to compel and for sanctions against Defendants based on Defendants' non-compliance with the July 31, 2012 D&O ("Plaintiff's motion") together with the Affirmation of R. Hugh Stephens In Support Of Plaintiff's Third Motion To Compel And For Related Relief ("Stephens Affirmation I") attaching exhibits 1 - 3, 5 - 8, and 11 - 19 ("Stephens Affirmation I Exh(s). __"), and a Memorandum Of Law In Support Of Plaintiff's Third

Motion To Compel And For Related Relief ("Plaintiff's First Memorandum").[2, 3, 4] On April 12, 2013, Defendants' attorney, Richard J. Lippes, moved for leave to withdraw based on an inability to effectively represent Defendants because of Defendants' repeated failures to communicate with counsel (Doc. No. 107) ("Defendants' counsel's motion"). On April 26, 2013, Plaintiff filed a Supplemental Memorandum Of Law In Support Of Motion To Compel And For Sanctions (Doc. No. 109) ("Plaintiff's Supplemental Memorandum"). On May 10, 2013, Plaintiffs filed the Affirmation of R. Hugh Stephens In Further Support Of Plaintiff's Motion to Compel and For Sanctions And In Opposition to Defense Counsel's Motion to Withdraw (Doc. No. 116) ("Stephens Affirmation II") attaching exhibits 1 and 2 ("Stephens Affirmation II Exh(s). __"). Oral argument on Plaintiff's and Defendants' counsel's motions was conducted on April 24, 2013 (Doc. No. 108) and decision reserved. At the hearing, the court requested Plaintiff file supplemental papers specifying which sanction Plaintiff was requesting be imposed against Defendants. On May 1, 2003, Defendants' attorney filed the Affidavit of Richard J. Lippes in support of Defendants' counsel's motion (Doc. No. 113) ("Lippes Affidavit"). On May 5, 2013, Defendants filed a Memorandum of Law In Opposition To Plaintiff's Proposed Sanctions (Doc. No. 114) ("Defendants' Memorandum"). On May 10, 2013, Plaintiff filed a Memorandum of Law in Further Support of Plaintiff's Motion to

---

[2] Plaintiff's motion is titled as a Motion To Compel And For Related Relief.

[3] Plaintiff also filed, under seal, Exhibits 4, 9, and 10.

[4] To the extent Plaintiff seeks additional information or production, such as bookkeeping databases, computer storage devices, and tax returns, Plaintiff's motion at 1, not specifically covered by Plaintiff's interrogatory and document requests addressed by the July 31, 2012 D&O, as discovery closed on October 24, 2011 (Doc. No. 44), and no additional motion to compel was timely filed by Plaintiff, such requests are not addressed in this Decision and Order.

Compel and for Related Relief (Sanctions) and in Opposition to Defense Counsel's Motion to Withdraw (Doc. No. 117) ("Plaintiff's Memorandum"). A further hearing on Defendants' attorney's motion to withdraw was conducted on May 23, 2013 and counsel's motion was granted (Doc. No. 120). Based on the following, Plaintiff's motion is GRANTED.

**FACTS[5]**

Familiarity with the prior proceedings is assumed. As discussed in the July 31, 2012 D&O, this action arises from demolition work being conducted at a forge facility, ("the forge facility"), located in the Town of Tonawanda near the Niagara River, formerly owned and used to make automobile parts by Plaintiff's predecessor General Motors Corporation ("GMC") . In 1994, the forge facility was sold by GMC to American Axle and Manufacturing ("AAM") subject to certain agreements intended to assure utility services to an engine manufacturing plant previously operated by GMC, located adjacent to and down-grade from the forge facility and, since 2009, as a result of GMC's bankruptcy, by Plaintiff for the same purpose ("the engine plant"), as well as to maintain compliance with environmental requirements applicable to the control of any hazardous wastes generated at the forge facility and to prevent any adverse effect upon the engine plant ("the agreements").

In 2008, Defendant Lewis Bros. purchased the forge facility from AAM, and became the assignee of the agreements related to prevention and control of any

---

[5] Taken from the pleadings and papers filed in this action.

hazardous wastes emanating from the forge facility.  This lawsuit arises from Plaintiff's allegation that, as a result of Lewis Bros.' multiple and uncorrected violations of the agreements, hazardous wastes, including PCBs, are contaminating the engine plant and exposing Plaintiff to liability based on the flow of such wastes onto adjacent land and into the Niagara River.  Plaintiff further alleges that Lewis Bros. is engaged in the demolition of the forge facility, selling assets located at the forge facility including scrap, and instead of allocating funds to maintain compliance with the agreements and applicable federal, state and municipal law, Defendant Samuel Lewis and Lewis Bros. are diverting, without receiving fair consideration, to third-parties, substantial funds realized by Defendants from demolition and stripping operations at the forge facility, rendering Lewis Bros. insolvent and defrauding Plaintiff as a creditor.  Plaintiff claims that Defendants' unexcused contract violations and irreparable harm, based on the unabated flow of hazardous wastes from Defendants' operations at the forge facility, constitutes unlawful misconduct, including fraudulent conveyances, warranting injunctive relief and appointment of a receiver of Defendants' operations at the forge facility as necessary to assure compliance with the agreements, and an immediate abatement of further irreparable harm to Plaintiff.

In order to establish it is entitled to such relief, Plaintiff has served Defendants with the numerous discovery requests at issue which are intended to demonstrate that Defendants' selling of assets and diversion of revenue received from Lewis Bros. from Defendants' demolition operations at the forge facility are fraudulent, rendering Lewis Bros. insolvent, and to prevent a further wasting of the assets of Lewis Bros. as grounds for Plaintiff's request for a preliminary injunction and appointment of a receiver.

Defendant's primary objection to such discovery, *viz*., that Plaintiff's requests for detailed financial information concerning Lewis Bros. were premature, was overruled by the July 31, 2012, D&O, July 31, 2012 D&O at 15-19, and no appeal by Defendants was taken. In addition to the requested depositions, the court found Defendants failed to answer Plaintiff's Interrogatories 1 - 20, 23, and 24, or to respond to Plaintiff's Document Request No. 1 requesting such financial information relevant to Plaintiff's claims. *Id.* at 14.

Although Defendants provided some discovery, it was incomplete or illegible in numerous respects prompting the instant motion. For example, Lewis Bros.' financial data for payments by Lewis Bros, L.L.C. to Lewis Bros., Inc. of which Timothy Lewis is president, provided by Defendants on August 22, 2012, Stephens Affirmation I ¶ 4, demonstrates such records do not indicate the purpose of the payment as Plaintiff requested. More specifically, of the total payments of $300,154.93 for 2009-2011, the document produced by Defendants purports to explain payments of $30,376 for 2009 only. Stephens Affirmation I Exh. 4. Additionally, other financial production by Defendants was also incomplete, covering only the period 2008 to 2011, and there was no production for 2012 to the present. *Id.* ¶ 6. Further, relevant portions of the documents were illegible and inadequate for discovery purposes, an inadequacy that Defendants' attorney was aware of, *id.,* and did not dispute in response to Plaintiff's motion. Thus, the court finds Defendants' production of Defendants' financial information was substantially insufficient and failed to comply with the July 31, 2012 D&O.

At oral argument on Plaintiff's and Defendants' counsel's motions, Defendants'

attorney conceded Defendants had failed, despite his repeated efforts to gain Defendants' compliance, to comply with Plaintiff's discovery demands as addressed and directed in the July 31, 2012 D&O.

**DISCUSSION**

Enforcing discovery obligations through sanctions pursuant to Fed.R.Civ.P. 37(b)(1)(A) ("Rule 37(b)(2)(A)") is within the discretion of the court. *See Southern New England Telephone Company v. Global NAPS, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (affirming contempt and default judgment sanctions based on defendant's failure over two-year period to provide financial information discovery needed to support plaintiff's request for prejudgment attachment remedy (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009))). In exercising this discretion, courts consider "(1) the wilfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of non-compliance, and (4) whether the non-compliant party had been warned of the consequences of non-compliance." *Id.* These factors are, however, not exclusive and all factors need not be present to justify any particular sanction. *Id.* (citing *Daval Steel Prods, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991)). The court may also consider "'the full record in the case in order to select the appropriate sanctions.'" *Southern New England Telephone Company*, 624 F.3d at 144 (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

Here, the record amply supports that Defendants had notice from their attorney that continued failure to comply with the July 31, 2012 D&O could result in serious

sanctions. Specifically, at the April 24, 2013 hearing before the court, Defendants' counsel stated that he advised Samuel Lewis as follows:

> I warned Mr. Lewis that if he didn't comply with the court order [the July 31, 2012 D&O] – I, in fact, told him the range of sanctions that were available to the Court, and that he was at great risk in not supplying the discovery.

Stephens Affirmation II Exh. 1 at 18. Samuel Lewis's wilful indifference to the court's discovery order is underscored by his counsel's acknowledgment that Lewis has "refuse[d] to follow my direction [with respect to compliance with Plaintiff's discovery requests as enforced by the July 31, 2012 D&O]." *Id*. at 19. There is no dispute that Samuel Lewis is the controlling shareholder and president of Lewis Bros. At his January 31, 2012 deposition, Lewis responded to Plaintiff's question: "So there are two people who do work for Lewis Bros. L.L.C., is that right?" Lewis: "Oh, L.L.C. is primarily myself." Stephens Affirmation I Exh. 5 at 53.

Plaintiff contends that Samuel Lewis and Lewis Bros. have repeatedly refused to fully respond to Plaintiff's discovery requests as directed by the July 31, 2012 D&O, warranting striking Defendants' Answer as a sanction. Plaintiff's Memorandum at 17. Absent this sanction, Plaintiff argues, Defendants will be able to continue to violate the agreements while diverting to Lewis Bros. the flow revenues produced by the demolition work and the related sale of resulting scrap. *Id.* Plaintiff also asserts that the court's sanctions should "give plaintiff the benefit of all permissible inferences flowing from discovery that has not been produced . . . ." Plaintiff's Memorandum at 18. Defendants' opposition does not contest that Defendants, Samuel Lewis and Lewis Bros.' failure to provide discovery is subject to sanctions, Defendants' Memorandum at 1; rather,

Defendants' Memorandum argues only that Plaintiff is not entitled to all the sanctions available under Rule 37(b)(2)(A), and that Timothy Lewis has substantially complied with the July 31, 2012 D&O.  Defendants' Memorandum at 2-3.

      Samuel Lewis and Lewis Bros.' lack of compliance with their discovery obligations is demonstrated by Samuel Lewis's deposition responses to Plaintiff's questions directed to Lewis Bros.' business operations and related finances.  For example, when asked as to staffing for Lewis Bros., Inc., a related company in which Samuel Lewis holds a 49% interest, and Mr. Timothy Lewis holds a 51% interest, Samuel Lewis asserted that because Lewis Bros. Inc. lacked "[legal] representation," he declined to answer Plaintiff's question.  Stephens Affirmation I Exh. 5 at 69.  Further, when asked why, since Lewis Bros. acquired the forge facility in 2008, Lewis Bros. paid approximately $245,000 to a company called J.B. Elder Properties, Mr. Lewis asserted he was unable to answer.  *Id.* at 84-85.  Again, in response to Plaintiff's query as to why Lewis Bros. paid $57,942.59 to an entity called 39 Forever L.L.C., which Lewis described as a "real estate company," Lewis stated "[m]aybe they did some work for me . . . [it] might have done some construction work for [Lewis Bros.]."  *Id.* at 88.  Finally, when confronted with the fact that the J.B. Elder entity had received about one-third of the value of all checks written against Lewis Bros.' account and asked for a reason for such payments Lewis responded that he did not know why, and asserted that he would "have to look it [the answer] up" and would provide the answer to Plaintiff "in writing."  *Id.* at 89-90.  However, according to the record, and based on Defendants' attorney's concession that Defendants Samuel Lewis and Lewis Bros. have failed to provide the discovery required by the July 31, 2012 D&O, neither Defendants Samuel Lewis or

Lewis Bros. have provided any supplemental discovery responses directed to Plaintiff's questions regarding Lewis Bros.' finances and cash transactions from Lewis Bros. accounts. Indeed, a fair reading of Samuel Lewis's deposition responses as provided to the court supports characterizing the deposition as an exercise in evasiveness warranting sanctions. Thus, the court finds Defendants' refusal to provide complete discovery responses wilful and with knowledge of the consequences of non-compliance with the July 31, 2012 D&O.

The court also finds that lesser sanctions, such as fines or an award of attorneys fees, would not be efficacious in securing compliance by Defendants. In fact, when asked, during the hearing conducted by the court on Mr. Lippes's motion to withdraw whether, assuming any sanctions were to be ordered by the court, Defendants could be expected to provide the discovery sought by Plaintiff, Defendants' attorney candidly informed the court that "he [Lippes] has no basis to believe that Mr. Samuel Lewis will comply with court ordered sanctions." Doc. No. 120.

Based on the foregoing and considering the record as a whole, the court therefore finds that, in order to obviate the prejudice to Plaintiff caused by Defendants' non-compliance with the July 31, 2012 D&O, the proper sanction is that, in connection with Plaintiff's motion for preliminary equitable relief, including appointment of a receiver to assume responsibility for the demolition operations at the forge facility, the court should draw adverse inferences as permitted by Rule 37(b)(2)(A). *See Mali v. Federal Ins. Co.*, ___ F.3d ___, 2013 WL 2631369, at * 4-5 (2d Cir., June 13, 2013) (Fed.R.Civ.P. 37 authorizes "wide range of sanctions" for "failure to produce evidence properly demanded by the opposing party" including "adverse inference." (citing

*Residential Funding Corp. v. DeGeorge Financial Corp.,* 306 F.3d 99, 107 (2d Cir. 2002))). Here, Defendants' initial refusal to provide interrogatory answers, document production and further deposition testimony, which were the subjects of the July 31, 2012 D&O relevant to Defendants' business operations and finances, was predicated upon the objection that the requests were premature, that was specifically overruled by the July 31, 2012 D&O, and which Defendants failed to appeal. Defendants were given 20 days to comply with the D&O's direction to provide the withheld discovery. Now, nearly eleven months later, Defendants have still not complied, Stephens Affirmation I ¶ 27, and have instead ignored the repeated urgings of their attorney, a respected and experienced member of the bar, to comply causing counsel's recent withdrawal. Lippes Affidavit ¶ ¶ 4-9 (describing numerous attempts to obtain Samuel Lewis and Lewis Bros.' compliance with Plaintiff's discovery requests and the July 31, 2012 D&O).

Timothy Lewis's awareness of his discovery default is also demonstrated by Lippes's communications with Timothy Lewis in this regard, Lippes Affidavit ¶ 2, as well as his personal appearance during the hearing on Plaintiff's motion and Defendants' counsel's motion conducted on April 24, 2013 (Doc. No. 108). Although, as Defendants' attorney states, Defendants' Memorandum at 2-3, Timothy Lewis provided some answers to Plaintiff's interrogatories, acknowledged by Plaintiff, Stephens Affirmation I ¶ ¶ 28-31, he has nevertheless failed to respond fully to Plaintiff's requests for financial information of Lewis Bros. Inc., a non-party which has received large sums of money from Lewis Bros. during the demolition and sale of assets and scrap from the forge facility. *Id.* ¶ 32. Moreover, Timothy Lewis has thus far failed to appear for deposition. Plaintiff's Memorandum at 7-8, and to date Plaintiff has not withdrawn

Plaintiff's motion as to Timothy Lewis.  Thus, despite Defendants' attorney's contention, Timothy Lewis remains in default of his discovery obligations as required by the July 31, 2012 D&O and subject to Plaintiff's motion.  Accordingly, as a result of Defendants' unexcused failure to comply with the court's order, Plaintiffs' efforts to conduct an evidentiary hearing before the District Judge on the merits of Plaintiff's injunctive requests, as well as the court's efforts to complete this phase of the proceedings, have also been stymied.

Meanwhile, demolition and the sale of scrap from the forge facility, and related environmental contamination, continues as well as the probable syphoning of substantial revenue to Lewis Bros. from such operations to various entities which Plaintiff alleges constitutes fraudulent transfers in violation of Plaintiff's rights under the agreements.  Complaint ¶ ¶ 87-89.  In these circumstances, the record amply justifies as a sanction two inferences, adverse to Defendants, that the information withheld by Defendants would, if produced, support Plaintiff's allegations that (1) during the relevant period Lewis Bros. was and remains insolvent and (2) that Defendants, particularly Samuel Lewis and Lewis Bros., have been and are diverting, to third-parties, hundreds of thousands, perhaps millions, of dollars received by Lewis Bros. from the demolition and recycling work conducted at the forge facility based on fictitious transactions or inadequate consideration, thereby perpetuating a fraud on Plaintiff as a putative creditor of Defendants caused by Defendants' breach of the agreements.  Such adverse inferences will assist Plaintiff in sustaining its burden of proof at a future hearing on the merits of Plaintiff's requests for relief thereby overcoming the substantial  prejudice to Plaintiff from the unmitigated and abusive failure of Defendants to fully and timely

provide all outstanding discovery as directed by the July 31, 2012 D&O.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for sanctions (Doc. No. 98) is GRANTED. Clerk of Court is directed to mail this Decision and Order to Defendant Lewis Bros. to Samuel Lewis and to the *pro se* Defendants at their respective home addresses.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 27, 2013
Buffalo, New York

THE PARTIES ARE ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).